The decisions of the Texas Court of Criminal Appeals, then, clearly rest on adequate and independent state grounds. It is equally clear that applicants have neither demonstrated cause for their procedural default nor have raised even a colorable claim of mental retardation. They present the same evidence that their trial attorneys concluded was too insubstantial to support an argument of mental retardation. IQ tests place both applicants above the *highest* cutoff used in state legislation prohibiting execution of the mentally retarded.* Brief for Respondent in *Atkins* v. *Virginia*, O. T. 2001, No. 00–8452, pp. 40–41. And in Davis's case, a psychologist testified at trial that the defendant was *not* mentally retarded. Thus, the specter of a "fundamental miscarriage of justice" (if *Atkins* should proscribe execution of the mentally retarded) could not possibly induce the Court to ignore the adequate and independent state grounds. *Coleman, supra,* at 750.

If prior law is to be adhered to, there is no possibility, much less a "significant" one (as the granting of a stay requires), that this Court will reverse the judgments of the Texas Court of Criminal Appeals. And I have not mentioned a further consideration, which should weigh heavily in the present circumstances: The Court "may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez* v. *United States Dist. Court for Northern Dist. of Cal.,* 503 U. S. 653, 654 (1992) *(per curiam).* The Court's granting of these stays not only disrupts settled law but invites meritless last-minute applications to disrupt the orderly state administration of the death penalty.

MAY 3, 2002

No. 99–6770 (01A821). JOHNSON *v.* MAYNARD, DIRECTOR, SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, ET AL., 528 U. S. 1032. Application for stay of execution of sentence of death, presented to THE CHIEF JUSTICE, and by him referred to the

---

*Moreover, all States prohibiting execution of the mentally retarded require a showing of impairment in adaptive behavior. Brief for Respondent in *Atkins* v. *Virginia*, O. T. 2001, No. 00–8452, pp. 40–41. The psychological evaluation that gave the 12-year-old Moore an IQ score of 68 (which is below the cutoff of some States) found that his adaptive abilities were "'low average.'" Brief in Opposition 3–4 (quoting State Habeas Tr. 67–68).

Court, denied. Motion for leave to file petition for rehearing out of time denied.

No. 01–9881 (01A819). In re Johnson. Application for stay of execution of sentence of death, presented to The Chief Justice, and by him referred to the Court, denied. Petition for writ of habeas corpus denied.

No. 01–9882 (01A820). Johnson v. Maynard, Director, South Carolina Department of Corrections. Sup. Ct. S. C. Application for stay of execution of sentence of death, presented to The Chief Justice, and by him referred to the Court, denied. Certiorari denied.

## May 6, 2002

No. 01–9757 (01A798). Baker v. Maryland. Ct. App. Md. Application for stay of execution of sentence of death, presented to The Chief Justice, and by him referred to the Court, denied. Certiorari denied.

## May 7, 2002

No. 01A853 (01–10022). Davis v. Texas. Ct. Crim. App. Tex. Application for stay of execution of sentence of death, presented to Justice Scalia, and by him referred to the Court, granted pending disposition of the petition for writ of certiorari. Should the petition for writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for writ of certiorari is granted, the stay shall terminate upon the issuance of the mandate of this Court.

No. 01–9982 (01A845). In re Davis. Application for stay of execution of sentence of death, presented to Justice Scalia, and by him referred to the Court, denied. Petition for writ of habeas corpus denied.